[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10855
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00030-CAR-CHW-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

DOUGLAS ANTONIO BROWN,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 30, 2013)

Before MARTIN, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Douglas Antonio Brown appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 100-month sentence. Brown's motion was based on Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels for crack cocaine violations. The district court denied Brown's motion averring that, because he was sentenced as a career offender under U.S.S.G. § 4B1.1, Amendment 750 did not have the effect of lowering Brown's Guidelines range. Relying on the plurality opinion in *Freeman v. United States*, 131 S. Ct. 2685 (2011), Brown argues his career offender sentence was "based on" a sentencing range that has been lowered by the Sentencing Commission and thus he is eligible for a §3582(c)(2) sentence reduction. After review,[1] we affirm the district court.

District courts may not modify a term of imprisonment unless a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Defendants classified as career offenders are given base offense levels pursuant to U.S.S.G. § 4B1.1, not pursuant to the drug quantity tables in § 2D1.1. *See United States v. Moore*, 541 F.3d 1323, 1327-28. Therefore, a retroactive amendment to the drug quantity table

---

[1] In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority. *United States v. Lawson*, 686 F. 3d 1317, 1319 (11th Cir. 2012).

2

in § 2D1.1 does not result in a reduction of a career offender's base offense levels under the meaning of §3582(c)(2), and district courts are not authorized to reduce sentences on that basis. *See id.* at 1327-28, 1330.

In *Freeman*, a defendant entered into a Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement that recommended the defendant serve a particular sentence. 131 S. Ct. at 2690 (2011). Justice Sotomayor's controlling opinion[2] stated a defendant may have a sentence reduced only when the plea agreement uses "a Guidelines sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." *Id.* at 2695. Therefore, a sentence can only be lowered if the plea agreement itself was "based on" the applicable Guidelines range. *Id.* at 2695-2700. We recently held in *United States v. Lawson*, 686 F.3d 1317 (11th Cir. 2012), that *Moore* was not overruled by *Freeman* because *Freeman* did not address "defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.* at 1321 (citations omitted) (internal quotation marks omitted). Therefore, *Moore* is still controlling precedent in this Circuit. *Id.*

---

[2] Where no majority exists, the Justice who concurred on the narrowest grounds is viewed as the controlling opinion. *Lawson*, 686 F.3d at 1321 n.2 (quoting *Marks v. United States*, 97 S. Ct. 990, 993 (1977)).

The district court correctly denied Brown's § 3582(c)(2) motion because his Guideline range as a career offender is not affected by Amendment 750. We reaffirmed in *Lawson* that defendants sentenced as career offenders are not eligible for sentencing reductions under § 3582(c)(2). *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1329-30. Thus, we affirm the district court's denial.[3]

**AFFIRMED.**

---

[3] We further reject Brown's contention the district court erred by denying his motion because he is subject to the new mandatory minimum penalties under the Fair Sentencing Act (FSA). The FSA amendment would not retroactively apply in Brown's case. *See United States v. Berry*, 701 F.3d 374 (11th Cir. 2012) (rejecting defendant's argument he was eligible for § 3582(c)(2) relief under the FSA because the FSA is not a guidelines amendment, but rather is a statutory change by Congress); *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013) (reaffirming the conclusion in *Berry* that the FSA does not apply to defendants sentenced before its effective date).